IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK09-41161-TJM |
| TROY WADE ARNOLD and ) | A12-4019-TJM |
| TRACEY JO ARNOLD, ) | |
| ) | CHAPTER 13 |
| Debtor(s). ) | |
| TROY WADE ARNOLD and ) | |
| TRACEY JO ARNOLD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| BENEFICIAL NEBRASKA, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the debtor-plaintiffs' motion for summary judgment (Fil. No. 6). No resistance was filed. Dennis Fricks represents the debtors. No appearance was made for the defendant. No evidence[1] or briefs were filed. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtors' real property. There are three consensual liens on the debtors' home. The first is held by Home Federal Savings & Loan Association of Grand Island, which holds a first lien in the amount of $63,483.84. The Bank of Doniphan holds the second lien, in the amount of $39,827.73. Beneficial Nebraska, Inc., holds the third lien, in the amount of $29,132.26. The debtors value the property at no more than $89,640 based on a January 2010 real estate comparative market analysis prepared for the debtors. The debtors have also submitted the Hall County Assessor's 2009 valuation of $70,652. Accordingly, the debtors assert that, based on the lack of equity in the property, the third lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as Lot One, Hillcrest

---

[1] The debtors refer the court to the supporting material attached to their complaint.

Subdivision, South Platte Twp., Hall County, Nebraska, and more commonly known as 2362 Platte River Drive, Doniphan, Nebraska, 68832.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. Home Federal Savings & Loan Association of Grand Island holds the first deed of trust against the real property in the approximate amount of $63,483.84.

5. Bank of Doniphan holds the second deed of trust against the property in the approximate amount of $39,827.73.

6. Beneficial Nebraska, Inc., holds the third deed of trust against the property in the approximate amount of $29,132.26.

7. Based upon the comparative market analysis prepared for the debtor by a Century 21 real estate agent on January 26, 2010, the suggested list price of the residence is $89,640.00

8. Based upon the 2009 valuation by the Hall County Assessor, the taxable value of the personal residence in question is $70,652.00.

9. Upon information and belief, the third lien held by Beneficial Nebraska, Inc. is wholly unsecured.

10. The plaintiffs filed this adversary complaint on February 27, 2012.

11. The summons and complaint were served on February 29, March 1, and March 2, 2012, at the defendant's headquarters, its payment address, and on its Nebraska registered agent.

12. The time for filing an answer or other response expired on March 28, 2012.

13. No answer or other response has been filed or served by the defendant.

14. The defendant is not an infant or incompetent person as set out in Federal Rule of Bankruptcy Procedure 7055(b)(2), and is not in the military service.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. Fisette v. Keller (In re Fisette), 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in Fisette:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:

> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
> — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

Fisette, 455 B.R. at 183-184 (quoting Lane v. W. Interstate Bancorp (In re Lane), 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the third lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by Beneficial Nebraska, Inc., for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For

this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

  IT IS ORDERED: The plaintiff-debtors' motion for summary judgment (Fil. No. 6) is granted. Separate judgment will be entered.

  DATED:  May 8, 2012

                BY THE COURT:

                /s/ Timothy J. Mahoney
                United States Bankruptcy Judge

Notice given by the Court to:
  *Dennis Fricks
  U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.